UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| HECTOR J. AVILA, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-85 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID") and is currently incarcerated at the Ramsey 1 Unit in Rosharon, TX.  Proceeding *pro* se, Petitioner filed this petition pursuant to 28 U.S.C. § 2254 on March 19, 2014, alleging he received ineffective assistance of counsel.  (D.E. 1). The subject of the petition is his November 2006 Nueces County conviction for murder.

On April 9, 2012, Petitioner filed a previous federal petition for writ of habeas corpus alleging he received ineffective assistance of counsel.  (Case No. 2:12-cv-104, D.E. 1).[1]  This petition was summarily dismissed with prejudice on September 28, 2012, as time barred.[2]  (Case No. 2:12-cv-104, D.E. 13).  The Court further denied a certificate of appealability.

Claims already presented or those challenging the Court's resolution of those claims constitute second or successive claims which must be dismissed.  *See Gonzalez*,

---

[1] Petitioner was represented by counsel.
[2] Petitioner, while acknowledging his petition was not timely filed, advanced several equitable tolling arguments which were addressed by the Court.  (Case No. 2:12-cv-104, D.E. 12 and D.E. 13).

1 / 4

524 U.S. at 532. Where a claim is second or successive, the movant is required to seek and to acquire the approval of the Fifth Circuit before filing a second § 2254 motion before this Court. *See* 28 U.S.C. § 2244 (b)(3)(A); *Hernandez v. Thaler*, 630 F.3d 420 (5th Cir. 2011)(when a "filing is construed as a second or successive habeas petition, then it must be dismissed); *Leal Garcia v. Quaterman*, 573 F.3d 214, 219 (5th Cir. 2009) ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition."). Petitioner indicates he did not receive permission from the Fifth Circuit to file a second petition as required by 28 U.S.C. § 2244(b)(3) and (4). (D.E. 1).

This Court may either dismiss the claim without prejudice pending review by a three-judge panel of the Fifth Circuit, or it may transfer the successive petition to the Fifth Circuit for a determination of whether Petitioner should be allowed to file the successive motion in the District Court. *See* 28 U.S.C. §2244 (b)(3)(A). *See also Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997)(approving practice of transferring successive motions to the Circuit and establishing procedures in the Circuit to handle such transfers).

Because Petitioner has presented neither argument nor evidence indicating he will be able to make a prima facie showing his application satisfies the statute,[3] dismissal

---

[3] Petitioner will have to demonstrate to the Fifth Circuit that his claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was

without prejudice would be more efficient and would better serve the interests of justice than a transfer to the Fifth Circuit.

Therefore, it is respectfully recommended that this case be **DISMISSED**.

Respectfully submitted this 9th day of April, 2014.

_____
Jason B. Libby
United States Magistrate Judge

---

previously unavailable; or that the factual predicate of the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.  28 U.S.C. § 2244(b)(2).

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).